■ BARBARA BUBIN, by Her Guardian ad Litem and Natural Guardian MICHAEL BUBIN, et al., Respondents, v. COUNTY OF NASSAU, Appellant, et al., Defendants.— Cross appeals from portions of an order of the Supreme Court, Nassau County, entered October 2, 1967. Plaintiffs appeal from so much of the order as denied their motion for leave to enter a default judgment and the defendant County of Nassau appeals from so much of the order as denied its cross motion to dismiss the action for failure to prosecute and granted plaintiffs leave to serve a complaint. Order reversed insofar as appealed from by the defendant County of Nassau, on the law and the facts, and affirmed insofar as appealed from by plaintiffs, without costs, and said defendant's motion granted. On May 18, 1959 plaintiffs served the defendant County with the summons, without a complaint and without notice endorsed thereon. The action is to recover damages for personal injuries sustained in 1958 by the infant plaintiff, then 16 years old, when a motorcycle upon which she was a passenger, operated by defendant Genise, struck a depression in a roadway maintained by the County, causing her to be thrown to the pavement. The County failed to serve a notice of appearance. There was no further activity in the action until June 9, 1967, eight years later, when plaintiffs moved for judgment by default and an assessment of damages against the county. The latter cross-moved for dismissal of the action. The excuse for the inordinate delay in proceeding for entry of a default judgment within a year after the county's default, as required by CPLR 3215 (subd. [c]), is that plaintiffs' counsel and three members of his family had suffered numerous misfortunes through illness and accidents (detailed in his affidavit) beginning in 1959 and extending to the early part of 1967. In our opinion, it was an improvident exercise of discretion to grant plaintiffs leave to serve a complaint. While illness and disabling personal problems of an attorney and his family may be accepted as justifiable excuses for delay (*Zeiger* v. *Kew Towers*, 8 A D 2d 827; *Sortino* v. *Fisher*, 20 A D 2d 25), the facts at bar are insufficient to excuse the inordinate delay during which time counsel referred some of his matters to other attorneys (*Sortino* v. *Fisher, supra*; *Keating* v. *Smith*, 20 A D 2d 141). The above indicates a failure to prosecute diligently and the resulting excessive delay was prejudicial (*McGuire* v. *Weiss*, 275 App. Div. 357). Moreover, we are of the opinion that the primary reason for the delay was the misplaced file, which is legally insufficient as an excuse (*Morales* v. *City of New York*, 29 A D 2d 875, and cases cited therein). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.