## (May 26, 1970)

■ RUBIN SINDER et al., Respondents, v. 345 CYPRESS REALTY CORP., Appellant.— Order entered October 20, 1969, denying defendant's motion to dismiss for failure to timely serve a complaint pursuant to CPLR 3012 (subd. [b]) and granting plaintiffs' motion to vacate plaintiffs' default in serving the same, unanimously reversed on the law and on the facts, without costs and without disbursements, and the action dismissed. Under the chronology of this case, in response to a summons served upon it on May 7, 1967, the defendant appeared and demanded a copy of the complaint, on May 17, 1967; not receiving the same, defendant moved to dismiss on August 11, 1969. The excuse offered by the plaintiffs' attorney, namely inadvertence attendant upon the moving of his office, is unacceptable. (*Sortino* v. *Fisher*, 20 A D 2d 25; *Carroll* v. *Estron Realty Corp.*, 31 A D 2d 903.) The fact that defendant may not have been prejudiced is immaterial. (*Coban* v. *Wil-Sade Realties*, 19 A D 2d 605; *Garcia* v. *Sentry-Norden Oil & Heating Co.*, 18 A D 2d 789.) As to the added questionable claim of plaintiffs that they served a complaint on May 16, 1968, denied by the defendant, when no answer was interposed they " would have been put on notice to make further inquiry ". (*Carroll* v. *Estron Realty Corp.*, *supra.*) Nor is credence lent to this claim by plaintiffs' failure to move to enter a default against defendant for failure to serve a timely answer, pursuant to CPLR 3215 (subd. [c]). In any event, there is also present herein a lack of prosecution and an absence of any reasonable excuse. (*Garcia* v. *Sentry-Norden Oil & Heating Co.*, *supra*; *Coban* v. *Wil-Sade Realties*, *supra.*) Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN SMITH, Also Known as NORMAN JACKSON, Appellant.— Order, entered on March 6, 1968, denying appellant's petition for a writ of error *coram nobis*, unanimously reversed on the law and on the facts, judgment of conviction rendered on May 6, 1943 vacated and petitioner remanded for resentence *nunc pro tunc* upon the previous finding of guilt. While the petitioner did not establish that he did not know of his right to appeal during the 30-day time limit within which a notice of appeal must be filed, he did demonstrate that he did not have the assistance of appellate counsel during that critical period. " Since the failure to have such assistance was prejudicial, the judgment of conviction should be vacated and defendant remanded * * * for resentence *nunc pro tunc* ", (*People* v. *O'Bryan*, 26 N Y 2d 95, 96) so as to afford defendant an opportunity to appeal. Concur — Eager, J. P., Capozzoli, McGivern and Nunez, JJ.

■ ELEANOR CONNELL, on Behalf of Herself and on Behalf of CATHERINE CONNELL and Others, Appellant-Respondent, v. ANN B. FIGMAN, Respondent-Appellant.— Order entered December 24, 1969 unanimously modified on the law to the extent of directing summary judgment for plaintiff for the sum of $1,200.38 without interest and, as so modified, affirmed, without costs and without disbursements. In this accounting action defendant concedes a balance due plaintiff of $1,200.38 and has tendered that sum. Judgment to that extent should have been rendered. The disputed item as to the propriety of hiring an attorney, the services rendered and the value thereof should be determined by the court or a Special Referee. Concur — Stevens, P. J., Eager, McNally, Steuer and Tilzer, JJ.