■ MIGUEL CALDERON, Respondent, v. WALTER W. STEELE, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated August 23, 1972, which denied his motion to dismiss the action for unreasonable neglect in its prosecution. Order affirmed, on condition that plaintiff's attorney, personally pay $250 to defendant within 20 days after entry of the order to be made hereon. Other than the said $250, no costs or disbursements are awarded. Special Term incorrectly held that defendant showed acquiescence in plaintiff's delay, by filing a jury demand subsequent·to the latter's filing of a note of issue. Rather than acquiescence, it appears that defendant was only protecting himself against the possibility that he might be deemed to have waived a jury trial if he did not file a jury demand within 15 days after service of the note of issue (CPLR 4102). Nevertheless, it is our opinion that the motion to dismiss the action was properly denied. The note of issue was filed before the motion was made (*Harrison* v. *Lagerwall*, 39 A D 2d 759; *Giancone* v. *City of New York*, 29 A D 2d 756). Moreover, it is strong public policy that actions be disposed of on the merits (*Moran* v. *Rynar*, 39 A D 2d 718; *Springer* v. *Marangio*, 38 A D 2d 852). The record establishes that plaintiff's delay was not willful or with intent to abandon the action, but rather the result of neglect on the part of his attorney. We have held that an attorney's neglect should not deprive his client of his day in court (*Swan* v. *Howes*, 36 A D 2d 643). However, in view of the neglect of plaintiff's attorney in the prosecution of the action, we think it proper to require the attorney personally to pay $250 costs to defendant (*Moran* v. *Ryner, supra*). Martuscello, Gulotta, Christ and Benjamin, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the order and to grant defendant's motion.