■ THOMAS B. KEYES, as Father and Natural Guardian of TIMOTHY J. KEYES, an Infant, et al., Respondents, v JOHN MC LAUGHLIN et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered December 30, 1974 in Rensselaer County, which denied a motion to dismiss the complaint. On August 15, 1966, the infant-plaintiff, then 16 years old, sustained injuries in a motor vehicle accident. A summons without notice was served on August 5, 1969 by the first attorney retained to represent plaintiffs in this action. No further formal steps were taken by plaintiffs to prosecute this action until September, 1974 when a new attorney retained by plaintiffs mailed a substitution of attorneys and complaint to the defendants' insurance carrier. Defendants responded by moving to dismiss the complaint as abandoned pursuant to CPLR 3215 (subd [c]). In denying defendants' motion, Special Term found that, in view of the serious injuries involved and the fact that the injured plaintiff was an infant "when the delay was initiated", and because defendants' insurance carrier was investigating the claim "with the intent to negotiate" and claimed no prejudice, a dismissal of the complaint would cause "great injustice to the plaintiffs". Although a dismissal of this complaint is undoubtedly a harsh result because the Statute of Limitations bars a new action (CPLR 214), we conclude that it was an improvident exercise of discretion to deny defendants' application. CPLR 3215 (subd [c]) provides that the court shall dismiss the complaint as abandoned upon the failure of a plaintiff to take proceedings to enter judgment within one year after a default "unless sufficient cause is shown why the complaint should not be dismissed". Plaintiffs allege that they contacted their original attorney frequently as to the status of their case and were assured that their action was being diligently prosecuted. No excuse is given for the delay beyond plaintiff's reliance upon the assurance of their previous attorney. While it is true that the injured plaintiff was an infant at the time of the accident, this alone does not justify an inordinate delay in proceeding to enter a default judgment (Bubin v County of Nassau, 31 AD2d 763). Furthermore, the infant-plaintiff attained the age of 21 years more than three years before the complaint was finally served. Special Term's finding of ongoing negotiations is unsubstantiated. Although the record contains a letter from plaintiffs' doctor to defendants' insurance carrier dated October 6, 1970, the carrier had closed its file more than three years before plaintiffs attempted to resume the action. We also disagree with the conclusion of Special Term that defendants were not prejudiced by the delay because at this late date the expiration of the Statute of Limitations would prevent them from impleading any possible joint tort-feasors. In view of the extreme delay in prosecuting this action, plaintiffs have failed to provide "sufficient cause" to defeat a motion under CPLR 3215 (subd [c]) (Sinder v 345 Cypress Realty Corp., 34 AD2d 777; Bubin v County of Nassau, supra; Milligan v Hycel Realty Corp, 20 AD2d 527). Plaintiffs further argue that because they were precluded from entering a default judgment on the basis of a bare summons, without notice and without a complaint (CPLR 3215, subd [e]), defendants were not in default and their action cannot be dismissed for failure to enter judgment within one year of a default under CPLR 3215 (subd [c]). This is erroneous. CPLR 3215 (subd [a]) states that "When a defendant has failed to appear, plead or

proceed to trial * * * the plaintiff may seek a default judgment against him" and CPLR 320 (subd [a]) provides that "The defendant appears by serving an answer or a notice of appearance, or by making a motion * * * An appearance shall be made within twenty days after service of the summons". Clearly a "default" as defined by CPLR 3215 (subd [c]) occurs even though a bare summons is served. The plaintiffs in this case were required upon such default "to take proceedings for the entry of judgment within one year after the default" (CPLR 3215, subd [c]), i.e., by serving a complaint and proceeding to judgment, or face a dismissal of their action (David D. Siegel, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 3215, p 871). Order reversed, on the law and the facts, and motion to dismiss the complaint as abandoned granted, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.