■ HARRY WRIGHT, as Administrator of the Estate of CECELIA M. WRIGHT, Deceased, Appellant, v N. VENUGOPAL, Respondent, et al., Defendants.—Appeal (1) from an order of the Supreme Court at Special Term,

entered January 13, 1975 in Delaware County, which granted defendant Venugopal's motion for summary judgment dismissing the complaint in each of the actions and (2) from the judgment entered thereon. We are concerned with two identical actions for medical malpractice and wrongful death involving only the defendant Dr. N. Venugopal. Special Term dismissed the complaint as abandoned in the action first commenced for the reason that plaintiff failed to take proceedings for the entry of judgment within one year after this defendant's default (CPLR 3215, subd [c]). Having dismissed the first action, Special Term also dismissed the same action commenced thereafter on the ground that the second action is barred by the Statute of Limitations. Plaintiff argues on this appeal, as he did at Special Term, that by this motion the defendant is seeking to reverse a prior decision of this court on a similar motion in these same actions *(Wright v Farlin,* 42 AD2d 141). When an action is terminated in any other manner than by a voluntary discontinuance, *a dismissal of the complaint for neglect to prosecute the action,* or a final judgment upon the merits, the plaintiff may commence a new action upon the same cause of action within six months after the termination (CPLR 205, subd [a]). When this matter was before us previously, we held that since the first action was dismissed for neglect to prosecute, the six months extension of time for the commencement of a new action had no application. We concluded, therefore, that the second action, commenced within six months after the termination of the first, was untimely. However, we also concluded that since the defendant Dr. N. Venugopal did not appear in the first action and did not move to dismiss the complaint in that action, he was not entitled to a dismissal of the complaint as against him in the second action. It is clear, therefore, that the first action had not been terminated as to the defendant Venugopal by our prior decision, as is contended by the plaintiff. Special Term properly concluded that plaintiff's failure to comply with CPLR 3215 (subd [c]) in that he did not take proceedings for the entry of judgment within one year after defendant's default in that action constitutes neglect to prosecute the action, requiring its dismissal *(Keyes v McLaughlin,* 49 AD2d 974; *Bubin v County of Nassau,* 31 AD2d 763). In consequence, plaintiff was not entitled to the extension of time to commence a new action (CPLR 205), and the second action was untimely. It is noted that an appearance by the defendant in the first action was not required for the purpose of the motion made pursuant to CPLR 3215 (subd [c]). Order and judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.