BERTHA GEORGE, Respondent, v SAMSON FLOORS, INC., Appellant.

Third Department, December 31, 1980

APPEARANCES OF COUNSEL

*Terry & Klafehn (Rodney L. Klafehn* of counsel), for appellant.

*George T. Martin* for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

The facts are simple and undisputed. Plaintiff served defendant with a summons without notice on July 30, 1976.* Approximately 22 months later, on April 26, 1978, defendant served its notice of appearance and demand for service of the complaint. Fifteen months later, specifically on August 2, 1979, defendant moved to dismiss the action because of plaintiff's failure to serve the complaint within the time required by law (CPLR 3012, subd [b]). Plaintiff did not appear or submit affidavits setting forth a reasonable excuse for delay or that the complaint was meritorious. Special Term, on August 17, 1979, granted an order of dismissal unless plaintiff served the complaint within 10 days of

---

* Chapter 528 of the Laws of 1978 amended CPLR 3012 so as to make service of a summons alone a jurisdictional defect.

the entry of the order. Plaintiff complied and defendant appeals, praying that the order be modified to an outright dismissal of the complaint.

While we cannot condone the egregious delay by defendant in serving its notice of appearance and demand for service of the complaint, neither can we permit plaintiff to breathe life into a moribund action by prompt obedience to a conditional order of dismissal. In *Keyes v McLaughlin* (49 AD2d 974), we cited to CPLR 3215 (subd [a]) and stated " 'When a defendant has failed to appear, plead or proceed to trial * * * the plaintiff may seek a default judgment against him' and CPLR 320 (subd [a]) provides that 'The defendant appears by serving an answer or a notice of appearance, or by making a motion * * * An appearance shall be made within twenty days after service of the summons' ". *Keyes* also declared that when a "default", as defined by CPLR 3215 (subd [c]) occurs, following service of a naked summons, and plaintiff fails to take proceedings for the entry of judgment within one year after the default, he faces a dismissal of the action (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3215:12, p 871). Here, not only did the plaintiff do absolutely nothing for 22 months after service of the bare summons, she neither appeared nor filed affidavits on the return date of defendant's motion seeking to excuse the delay, thereby inferentially waiving the requirement of CPLR 320 (subd [a]) that defendant answer, appear or move within 20 days of service of the complaint, nor did she offer any proof that her complaint was meritorious.

Since, given the factual pattern herein, we would not hesitate to modify the order below by striking the condition of service of the complaint within 10 days after entry of the order, had the motion to dismiss below been made pursuant to CPLR 3215 (subd [c]), we see no reason to withhold like relief when the dismissal motion is premised on CPLR 3012 (subd [b]).

The order should be modified, on the law and the facts, by reversing so much thereof as conditioned dismissal of the action upon service of the complaint within 10 days of the entry of the order, and, as so modified, affirmed, with costs.

GREENBLOTT, MAIN, MIKOLL and HERLIHY, JJ., concur.

Order modified, on the law and the facts, by reversing so much thereof as conditioned dismissal of the action upon service of the complaint within 10 days of the entry of the order, and, as so modified, affirmed, with costs.