■ ROBERT J. STEIN, JR., et al., Respondents, v WAINWRIGHT'S TRAVEL SERVICE, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. EVERGREEN INTERNATIONAL AIRLINES, INC., Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered July 13, 1982 in Albany County, which denied defendants' motion to dismiss the complaint for failure to prosecute. The facts are simple and undisputed. This action was commenced by the service of a summons with notice upon defendants on August 22, 1978. On September 19, 1978, defendants served their answer with a counterclaim. Issue was joined with the service of plaintiffs' reply on October 5, 1978. Almost three years later, specifically on September 24, 1981, defendants served a demand that plaintiffs serve and file a note of issue within 90 days of the receipt of the demand (CPLR 3216, subd [b], par [3]). Plaintiffs' attorney received the demand on September 28, 1981, and on December 23, 1981 served a note of issue with a certificate of readiness upon defendants. The note of issue was not filed until December 30, 1981, 93 days following the date plaintiffs' attorney received the 90-day demand. Defendants' motion to dismiss the complaint for failure to timely serve and file the note of issue (CPLR 3216, subd [e]) was denied by Special Term. This appeal by defendants ensued. We reverse. Since plaintiffs' attorney's affirmation made no effort to show that the underlying cause of action was meritorious (see CPLR 3216, subd [e]), reversal is automatic unless we accept plaintiffs' rationale that the time limitations were complied with since the note of issue was mailed to both the county clerk and defendants within the 90-day period, even though it was not filed in the county clerk's office until after the 90-day period had expired. This, we cannot do. The statute mandates that a plaintiff "serve and *file*" a note of issue within the 90-day period (CPLR 3216, subd [b], par [3]; subd [e]; emphasis added), and mailing to the county clerk does not constitute filing with that officer (see *People v Proctor,* 87 Misc 2d 893). The apparent harshness of the result is considerably lessened due to the legislative intent, so clearly discernible in CPLR 3216, to forgive all prior delay on a plaintiff's part if he complies with the 90-day demand. Here, plaintiffs' action was pending for almost three years after issue was joined and no effort was made for relief to extend the 90-day period (CPLR 2004; see *Levin v 40 Realty,* 54 NY2d 624, affg 80 AD2d 815). Order reversed, on the law, with costs, motion granted, and complaint dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.