■ JOSEPH FONTENELLE, Appellant, v GLENS FALLS HOSPITAL, Defendant, and DAVID THOMPSON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered December 2, 1983 in Warren County, which granted plaintiff's motion to reargue but again ordered that plaintiff's note of issue be stricken and the complaint dismissed.

This malpractice action was commenced on January 30, 1981 and issue was joined in March, 1981. Defendants made demands pursuant to CPLR 3216 on April 8, 1982 and May 20, 1982, respectively. Subsequently, plaintiff obtained a protective order dated August 23, 1982 which, although it denied plaintiff's motion to vacate the CPLR 3216 demands, granted both sides the right to complete all desired discovery proceedings "during the next sixty (60) days and prior to the effective date of this order". Various discovery proceedings were scheduled and adjourned from time to time by both sides. The final proceeding was the examination of plaintiff by a physician selected by defendant David Thompson, which occurred on April 8, 1983. Plaintiff had requested a copy of the report of that examination, but it was not made available to him. Additionally, on May 5, 1983, attorneys for defendant Thompson forwarded to plaintiff's attorney the transcript of his examination before trial, noting corrections to the transcript. Plaintiff filed his note of issue and statement of readiness on July 11, 1983, and on July 18, 1983,

defendant Thompson moved to dismiss for failure to prosecute. The motion was argued, in the absence of plaintiff's attorney, on July 28, 1983 and was granted by the court from the Bench on the grounds that plaintiff failed to comply with the prior protective order and the failure of plaintiff to appear and argue the motion to dismiss without prior permission of the court.

This complaint should not be dismissed. First, the record demonstrates a meritorious cause of action in malpractice against defendant Thompson. Secondly, by court order, plaintiff was not subject to the dismissal provisions of CPLR 3216 until after completion of discovery. Accordingly, since defendants had not furnished plaintiff with a copy of their physical examination of plaintiff, as required, discovery was not complete (CPLR 3121, subd [b]). Moreover, the forwarding of defendant Thompson's depositions to plaintiff's attorney on May 5, 1983, noting corrections to the transcript, indicated that defendants' attorneys viewed discovery as incomplete at that late date. Additionally, plaintiff actually served and filed his note of issue *before* receipt of defendant Thompson's motion to dismiss. Since the filing of the note of issue prevents the court from looking into prior delay (see *Stein v Wainwright's Travel Serv.*, 92 AD2d 961), the motion to dismiss should not have been granted (*Calderon v Steele*, 41 AD2d 736; *Foisy v Penn Aluminum*, 31 AD2d 783).

Finally, the transcript of the proceeding before Special Term on July 28, 1983, when the motion to dismiss was granted, demonstrates that the court relied heavily on the argument presented by the attorney for defendant Thompson and the failure of plaintiff's attorney to appear for oral argument in Washington County. The record also demonstrates that plaintiff's attorney was the addressee of a copy of a letter from the attorney for defendant Thompson to a codefendant, stating that *no one from their office would be appearing to argue the motion.* Under all these circumstances, plaintiff is entitled to relief, particularly in the absence of any showing of prejudice to defendant Thompson and the clear showing of a meritorious cause of action.

Order modified, on the law and the facts, with costs, by reversing so much thereof as directed that plaintiff's note of issue be stricken and his complaint dismissed; the complaint and note of issue are reinstated; and, as so modified, affirmed. Kane, J. P., Weiss and Yesawich, Jr., JJ., concur.

Casey and Levine, JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). We disagree with the majority's legal conclusion that plaintiff was not subject to the dismissal provisions of CPLR 3216 until after

completion of discovery. The prior order, which denied plaintiff's motion seeking to vacate defendants' 90-day demands until completion of discovery, specifically stated that "plaintiff is subject to the provisions of [CPLR] 3216". Although this order granted the parties "the right to complete all desired discovery during the next sixty (60) days and prior to the effective date of this order", it expressly provided that "this order shall be effective sixty (60) days after * * * service". Plainly, therefore, plaintiff was subject to the provisions of CPLR 3216 following the expiration of the 60-day period.

Since plaintiff concededly failed to meet the time requirement of CPLR 3216 following expiration of the 60-day extension, Special Term was authorized to dismiss the action unless plaintiff showed a justifiable excuse for the delay and a meritorious cause of action (CPLR 3216, subd [e]; *Riley v Makowski,* 92 AD2d 664). Plaintiff completed his discovery in November, 1982 and defendant David Thompson was able to complete all disclosure on April 8, 1983, when plaintiff finally appeared for a physical examination pursuant to court order. Thereafter, plaintiff did nothing for more than three months. Plaintiff claims that defendant Thompson acquiesced in the delays, but the record shows otherwise. As noted above, defendant Thompson moved to compel plaintiff to appear for a physical examination after plaintiff failed to appear voluntarily. Also, in June, 1983, defendant Thompson advised plaintiff of the continuing requirements of CPLR 3216 and demanded that he resume prosecution, but plaintiff did not respond. Plaintiff also claims that his inaction was justified by defendant Thompson's failure to provide a copy of the physician's report. However, despite defendant Thompson's reminder in June, 1983 of the requirements of CPLR 3216, plaintiff took no steps to either obtain a protective order (CPLR 3103) or compel production of the physician's report (CPLR 3124). In short, plaintiff has presented no justification for his failure to take any steps to prosecute his action.

Although all prior delays by a plaintiff will be forgiven if he timely complies with a 90-day demand (see *Stein v Wainwright's Travel Serv.,* 92 AD2d 961), the untimely filing of a note of issue does not preclude Special Term from dismissing a complaint for want of prosecution (see CPLR 3216, subd [d]; *Guenther v Wilson Mem. Hosp.,* 93 AD2d 957, mot for lv to app den 60 NY2d 553). This principle is particularly apt here, since plaintiff ignored defendant Thompson's letter advising him of the need to file a note of issue and since plaintiff filed his note of issue only after the codefendant had moved to dismiss for failure to prosecute.

We note that the proceedings culminating in Special Term's original order of dismissal are irrelevant, for plaintiff's motion

to reargue was granted, and upon reargument Special Term entered the order on appeal herein, which was decided without reference to the failure of plaintiff's counsel to appear on the original return date.[*]

In summary, the majority's order of dismissal is based upon two conclusions of law: (1) that plaintiff was not subject to the dismissal provisions of CPLR 3216 until completion of discovery, and (2) that defendant Thompson's failure to provide a copy of the physician's report rendered discovery incomplete. We disagree with these legal conclusions, as well as a third: that Special Term was precluded from dismissing the complaint by plaintiff's belated filing of a note of issue. In our view, plaintiff was subject to the provisions of CPLR 3216, pursuant to the terms of the earlier order denying plaintiff's motion to vacate defendant's 90-day demands, and, therefore, Special Term had the discretionary power under CPLR 3216 to dismiss plaintiff's complaint for failure to prosecute when he failed to comply with those demands. Accordingly, we would affirm Special Term's order striking plaintiff's note of issue and dismissing the complaint.

---

[*] Any confusion as to whether counsel for defendant Thompson would appear on the original return date of the motions to dismiss, brought first by defendant Glens Falls Hospital and thereafter by defendant Thompson, is directly attributable to plaintiff's belated decision to discontinue as to defendant hospital.