■ In the Matter of FREDERICK M. OWENS, Respondent, v ROBERT J. McGUIRE et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Kenneth

Shorter, J.), entered on May 10, 1985, granting the petition of Frederick M. Owens to vacate respondents' award of an ordinary disability pension equal to one third of petitioner's salary and remanding the matter to respondent for further consideration, unanimously reversed, on the law, the petition is denied, the determination of respondents is reinstated and the proceeding is dismissed, without costs.

In July 1968, petitioner, at the age of 19, was appointed a police trainee in the New York City Police Department. He became a member of the New York City Employees' Retirement System (NYCERS), effective January 15, 1969. On June 15, 1970 he was appointed to the Police Department as a patrolman and became a member of the Police Pension Fund, Article 2.

Pursuant to Administrative Code of the City of New York § B3-30.1, petitioner's service credit in NYCERS could be transferred to the Police Pension Fund when he became a patrolman and attained eligibility for membership in the Police Pension Fund, Article 2, provided that he requested a transfer of service credit from NYCERS to the Police Pension Fund within one year from the date of his appointment. Administrative Code § B3-30.1 reads in part as follows:

*"Termination of membership; transfer to police pension fund.*—a. Any member of the New York city employees' retirement system may transfer his credit therein to the police pension fund provided for in article two, title B of chapter eighteen of the administrative code of the city of New York upon attaining membership in said police pension fund. Any person heretofore a member of the New York city employees' retirement system whose membership therein was terminated by his attaining membership in said police pension fund and *who has not withdrawn his contributions to the New York city employees' retirement system may similarly transfer his credit to the said police pension fund.*

*"Upon the request of such member or person for the transfer of credit within one year after attaining membership in said police pension fund or within one year after the passage of this act* the actuary of the New York city employees' retirement system shall determine the reserve on the benefits allowable to such member or person as the result of employer contributions, including the reserve-for-increased-take-home-pay, as though he had not discontinued membership, in the same manner as provided in section forty-three of the retirement and social security law. Such reserve shall thereupon be transferred from the contingent reserve fund of the New York

city employees' retirement system to the contingent reserve fund of the said police pension fund and the accumulated deductions of such member or person shall thereupon be transferred from the annuity savings fund of the New York city employees' retirement system to the annuity savings fund of the said police pension fund within one year from the date of such request." (Emphasis in text supplied.)

Petitioner never requested that his service credit for NYCERS be transferred to the Police Pension Fund.

On October 11, 1979, the Medical Board of the Police Pension Fund determined that petitioner was disabled because of alcoholism and recommended that he be retired on ordinary disability. This recommendation was adopted by the Board of Trustees of the Police Pension Fund on January 29, 1980, effective March 26, 1980. On or about February 1, 1980, petitioner was erroneously advised that his pension would be one half of his salary, pursuant to Administrative Code § B18-46.0, based upon an appointment date of July 1, 1968, the date upon which he became a police trainee. He was informed that he had earned service credit in the amount of 11 years, 8 months and 25 days. Since this was in excess of 10 years' service, his ordinary disability pension rate was calculated at one half of his final salary.

However, in April or May 1980, after receiving his first pension check calculated upon the basis of one third of his annual salary, he was advised that since service credit from NYCERS was excluded, petitioner only had a service accumulation of 9 years, 9 months and 11 days, qualifying him for ordinary disability at only one third of his final salary (Administrative Code § B18-46.0). He was informed that this was premised on the fact that he had never transferred his trainee credit to the Police Pension Fund. He thus had less than 10 years' actual police service, entitling him to only a one-third disability pension.

On June 4, 1980, petitioner requested a return of his NYCERS contributions. On August 21, 1980 he commenced this CPLR article 78 proceeding seeking to annul the determination of respondents granting him a one-third ordinary disability retirement pension and denying him the right to transfer his service credit from NYCERS to the Police Pension Fund. The order and judgment appealed from granted his petition.

This court has previously approved of the barring of such relief, in a similar proceeding, to a petitioner who failed to make application to transfer credit within the prescribed one-

year period *(Matter of Ott v McGuire,* 78 AD2d 778, *affg without opn order of Okin, J.).* The respondents there were held not to have been estopped from asserting the one-year limitation period, even though in some prior cases the rule had not been enforced.

In this case, petitioner's application was made some eight years after his appointment as a police officer. The challenged determination is neither arbitrary, capricious nor contrary to law. The Administrative Code provision is plain and unambiguous. It expressly provides that (1) the transfer application must be made within one year after joining the fund, and (2) the contributions made to NYCERS may not be withdrawn.

Respondents are not estopped from relying upon the statute for alleged failure to advise petitioner properly as to the one-year rule and its effect *(Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954). Even erroneous advice is not an excuse *(Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984). Nor are respondents estopped by reason of the failure to enforce the statute prior to April 1979. Estoppel is not available against a governmental entity in the exercise of governmental functions *(Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33). It is only applicable against a governmental entity if failure to apply the doctrine would defeat a right legally and rightfully obtained. Estoppel cannot operate to create a right where none exists *(Matter of McLaughlin v Berle,* 71 AD2d 707, 708, *affd* 51 NY2d 917). Accordingly, the unauthorized practice of the Police Pension Fund prior to April 1979 of accepting transfer of NYCERS credits without a request within the one-year period does not support the imposition of the doctrine of estoppel in favor of petitioner *(see, Matter of Weber v Levitt,* 41 AD2d 452, *affd* 34 NY2d 797). The failure of petitioner to apply for a transfer of his contributions within one year from the date of his appointment as a patrolman, as required by the statute, bars him from now doing so. He is not entitled, for pension purposes, to credit for the time served as a trainee.

Respondents' determination was neither arbitrary, capricious nor contrary to law and should be reinstated, as we have directed. Concur—Sullivan, J. P., Asch, Fein, Kassal and Ellerin, JJ.