(June 23, 1987)

■ In the Matter of SANDRA COCHRAN, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), entered August 12, 1985, which granted petitioner's application to annul respondent's determination denying petitioner retroactive membership in Tier I of respondent Retirement

System, is reversed, on the law, without costs, and the petition dismissed.

Petitioner is a social worker employed since June 17, 1981 by the New York City Health and Hospitals Corporation at the Queens Hospital Center in the civil service title of Supervisor I. Formerly, from February 4, 1973 to October 9, 1976, she was employed as a school neighborhood worker by the New York City Board of Education.

Effective November 11, 1981, section 30 of Laws of 1974 (ch 510) was amended by section 2 of Laws of 1981 (ch 1044) to provide, *inter alia,* that any person who was actually employed on or before June 30, 1973 by the City of New York, and who, for reasons not ascribable to negligence, did not become a member of respondent New York City Employees' Retirement System on or before July 1, 1973, may be deemed to have become a member on or before June 30, 1973 (Tier I) if, on or before December 31, 1981, such person filed for such status.

In implementing the law, respondent published a form entitled "Affidavit for Retroactive Membership" to be used in conjunction with a Tier I membership application by an employee applicant. In the section entitled "Eligibility Requirements" appeared the following: "You must complete and notarize this affidavit, complete the enclosed Tier I or Tier II membership application as of 1973 or 1976 (listing all information as it was in 1973 or 1976) and return it to the Retirement System on or before December 31, 1981."

A notice on the affidavit form emphasized the foregoing in capital letters at the top: "THIS AFFIDAVIT MUST BE FILED WITH THE RETIREMENT SYSTEM ON OR BEFORE DECEMBER 31, 1981". Although respondent's office was open on Wednesday, December 30, 1981 and Thursday, December 31, 1981, petitioner chose to mail the application and affidavit to respondent on December 30, 1981 rather than delivering it in person. As a result, it was received and opened only on January 4, 1982. By letter dated April 14, 1983, respondent rejected petitioner's application as untimely, and this CPLR article 78 proceeding ensued.

In lieu of a testimonial hearing, the parties stipulated the relevant facts including a concession by respondent that petitioner actually mailed her application on December 30, 1981. Special Term held this form of delivery to be sufficient and timely, citing *Vita v Heller* (97 AD2d 464) and CPLR 2103, which make service of papers by mail in the course of a civil action effective when posted. We hold that the CPLR in this

context, and cases applying it such as *Vita v Heller (supra)*, are inapposite; rather, it is the pertinent statute that controls. Here, that statute provides that "in the case of a city employee [such as petitioner], such person *shall file* on or before December thirty-first, nineteen hundred eighty one, with the New York City employees' retirement system, a written request" (L 1981, ch 1044, § 2 [emphasis supplied]).

We are therefore unable to adopt the position taken by Special Term herein that mailing is the equivalent of filing. "Indeed, relevant authority is uniformly to the effect that a paper will not be considered 'filed' until it has been delivered to and received by the party with whom it is to be filed" *(Pathway Bellows v Blanchette,* 630 F2d 900, 902). Where a statute or rule requires a filing, mailing cannot be deemed the equivalent *(Stein v Wainwright's Travel Serv.,* 92 AD2d 961; *People v Thompson,* 10 NY2d 725; *Gates v State of New York,* 128 NY 221, 228; *Sweeney v City of New York,* 225 NY 271, 275). The same conclusion has been reached in construing the statute governing the New York City Employees' Retirement System itself *(Matter of Poucher v Teachers' Retirement Bd.,* 249 NY 414; *Marcus v New York City Employees' Retirement Sys.,* 247 App Div 111). We note also that the Third Department has consistently taken the same approach in retirement system cases *(Matter of Blaisdell v New York State Teachers' Retirement Sys.,* 62 AD2d 1116, *lv denied* 45 NY2d 706; *Matter of Robillard v Levitt,* 44 AD2d 611). In the latter case, the court observed *(supra,* at 611-612) that "[t]he weight of authority clearly establishes that a document is not filed until it is 'delivered to' or 'received by' the appropriate official".

To the extent that our dictum in *Matter of Kopansky v New York City Employees' Retirement Sys.* (56 AD2d 555)\* may be said to take a contrary view by accepting the argument that a retirement application was timely with reference to its mailing date, we must regard it as against the weight of authority *(Matter of Guzman v New York City Employees' Retirement Sys.,* 45 NY2d 186, 193). Concededly, strict application of the statutory filing requirement leads to an apparently harsh result in this case, but we are persuaded that "[t]he only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being and which has prescribed its limitations." *(Matter of Creveling v Teachers' Retirement Bd.,* 255 NY 364, 373; *accord, Matter of Guzman v New York City Employees' Retirement Sys., supra.)*

---

\* The actual holding in *Kopansky* rested on estoppel.

Finally, we would note that petitioner has adduced no basis for invoking any estoppel against respondent's rejection of her application, even if the cited instruction in the affidavit form referring to her obligation to "return" the form could be held to be misleading or ambiguous *(Matter of Owens v McGuire, 121 AD2d 292, 295; Matter of Burns v Regan, 87 AD2d 944, 946, appeals dismissed 57 NY2d 954; Matter of Nutt v New York State Employees' Retirement Sys., 72 AD2d 898).* "Estoppel cannot operate to create a right when none exists". *(Matter of Owens v McGuire, supra, at 295.)* Concur—Murphy, P. J., Sullivan, Ross, Asch and Wallach, JJ.

