■ ELIZABETH J. SCOTT et al., Respondents, v COLUMBIA MEMORIAL HOSPITAL et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Klein, J.), entered July 23, 1986 in Columbia County, which denied defendants' motion to dismiss the complaint for want of prosecution.

Plaintiff Elizabeth J. Scott (hereinafter plaintiff) was injured on December 9, 1980 while being interviewed for treatment at defendant Columbia Memorial Hospital in Columbia County. An employee of the hospital, defendant Michael Gorman, allegedly pushed a portable X-ray machine over plaintiff's left foot. After a delay of 45 minutes, plaintiff's foot was X-rayed. No bone fracture was discovered. An Ace bandage was applied but nothing else was done. She returned to the hospital on December 15, 1980 and reported that her foot was turning

black. Plaintiff was then treated with Tylenol and codeine and supplied with crutches.

Plaintiff then timely commenced an action against the hospital alleging claims in medical malpractice and negligence. Plaintiff's husband also alleged derivative claims against the hospital. Subsequently, plaintiff and her husband commenced a negligence action against Gorman. The actions were eventually consolidated for trial. The last activity in the action was the service of a bill of particulars on or about March 19, 1984 before defendants served plaintiffs by mail with a written demand to resume prosecution of the action to serve and file a note of issue within 90 days pursuant to CPLR 3216 (b) (3). Defense counsel granted a 30-day extension of the 90-day period at the request of plaintiffs' counsel. No further extension was sought. Defendants moved for dismissal of the action pursuant to CPLR 3216 (e) on November 20, 1985. Plaintiffs, however, filed a note of issue and a certificate of readiness on November 20, 1985 in the Columbia County Clerk's Office, and served the same on defendants' counsel by mail.

Supreme Court issued an order denying defendants' motion to dismiss on the ground that since plaintiffs' service and filing of the note of issue preceded the receipt of the motion to dismiss, the court was precluded from reviewing either the merits of the case or the justification for the delay in filing the note of issue. This appeal by defendants ensued.

Supreme Court erroneously ruled that it was precluded from reviewing the merits of plaintiffs' action and the excuse for delay on the ground that plaintiffs' counsel filed a note of issue after the expiration of the CPLR 3216 90-day statutory period as extended but before he received defendants' notice of motion to dismiss. We reject plaintiffs' attempt to impose a fourth condition precedent not found in CPLR 3216, namely, that the motion to dismiss must precede the filing of a note of issue. After a party fulfills the three statutory conditions precedent (CPLR 3216 [b] [1], [2], [3]), the opposing party may then logically proceed in 1 of 2 ways: (1) timely serve and file a note of issue, or (2) fail to file within the allotted time. When a party, as here, fails to file within the allotted time and the 90-day grace period provided in the statute or any extensions thereof have expired, the court is not precluded from reviewing the merits of the action and the reasons for delay, but rather, pursuant to CPLR 3216 (e), is obliged to do so. To the extent that language is found to the contrary in *Fontenelle v*

*Glens Falls Hosp.* (105 AD2d 933), it is mere dictum and not to be followed.

Turning then to an examination of the merits of plaintiffs' causes of action for medical malpractice and negligence, it appears that plaintiffs' medical malpractice claim is without merit and must therefore be dismissed. No expert testimony is presented to demonstrate that a staff physician, resident, intern, nurse, technician or other professional employee violated some accepted standard of good professional practice *(see, Kallenberg v Beth Israel Hosp.,* 45 AD2d 177, *affd* 37 NY2d 719). The absence of such testimony requires dismissal *(see, Mossman v Albany Med. Center Hosp.,* 34 AD2d 263). However, it appears that plaintiffs can make out a prima facie case in negligence *(see, Hoggard v Otis Elevator Co.,* 52 Misc 2d 704, *affd* 28 AD2d 1207; *see also, Matter of Friedman v State of New York,* 111 AD2d 921, *affd* 67 NY2d 271). Plaintiffs therefore have stated a meritorious claim in ordinary negligence. Thus, it was not error to deny the motion to dismiss the negligence causes of action.

Turning to the issue of justifiable excuse for delay, it appears that plaintiffs' counsel has failed to establish such an excuse for his delay in serving and filing the note of issue. The death of his father, although tragic, is not sufficient to excuse the delay *(see, Bubin v County of Nassau,* 31 AD2d 763). Likewise, an injury to plaintiffs' counsel, unverified by any medical evidence, is not a valid excuse *(see, Prezio v Milanese,* 40 AD2d 910; *Valentin v Ina Holding Corp.,* 20 AD2d 525). Moreover, the injury would not have prevented him seeking an extension through his paralegal help. The argument that settlement negotiations justified the delay is also not supported by the record.

Finally, since defendants have claimed no prejudice and plaintiffs would be precluded by the Statute of Limitations from any recovery upon dismissal of the entire action, it appears that this is a proper case to impose a money sanction payable by plaintiffs' counsel out of his own funds to defendants. This will sufficiently accomplish the punitive and deterrent ends of CPLR 3216 *(see,* Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1987 Supp Pamph, CPLR C3216:24, at 604).

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' motion regarding the medical malpractice causes of actions; motion granted to that extent and said causes of action dismissed; and, as so modified,

affirmed on the condition that plaintiffs' attorney pay $500 ($250 each to the two named defendants) out of his own funds, within 15 days after service of a copy of the order to be entered upon this decision with notice of entry, and in the event said payments are not made, plaintiffs' causes of action in negligence will be stricken and the complaint dismissed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.