■ MATTHEW GENOVA, Respondent, v ROBERT J. WEINBERG, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, the defendant Robert J. Weinberg appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 25, 1990, which denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, without costs or disbursements, on the condition that the plaintiff's attorney personally pay the sum of $250 to the defendant within 30 days after service upon him of a copy of this decision and order with notice of entry; in the event this condition is not timely complied with, then the order is reversed, as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant Robert J. Weinberg.

The defendant Robert J. Weinberg served a demand upon the plaintiff pursuant to CPLR 3216 to resume prosecution of the action and to serve and file a note of issue within 90 days. The demand was served on December 5, 1989, and received on December 6, 1989. Shortly thereafter, the codefendant Southampton Hospital moved for summary judgment. The motion was not decided until March 5, 1990. The plaintiff's attorney was under the mistaken belief that during the pendency of the summary judgment motion, he was stayed from proceeding any further in the action.

By service of a notice of motion dated March 15, 1990, and supporting papers, the appellant made the instant motion to dismiss, which the plaintiff received on March 20, 1990. On March 13, 1990, prior to the appellant making the motion, the plaintiff served a note of issue which he filed on March 16, 1990. On March 19, 1990, the note of issue was returned by the court clerk because it was not accompanied by the court's certification that the case was ready for trial. On March 21, 1990, the plaintiff re-served and refiled the note of issue.

Under these facts, the extreme sanction of dismissal is not warranted. The delay was not willful or contumacious. There is no intent to abandon the action, nor is there any prejudice to the appellant.

The interest of justice would be served by the disposition of this case upon its merits. Although it should not be condoned, the plaintiff's attorney's lack of diligence should not deprive his client of his day in court (see, Nappi v St. John's Cemetery, 73 AD2d 687; Calderon v Steele, 41 AD2d 736). However, we think it proper to require that the plaintiff's attorney personally pay the sum of $250 costs to the appellant. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.