■ ANGELA STORCHEVOY, Appellant, v ARNELLE H. BLINDER-MAN et al., Respondents. [757 NYS2d 82] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered January 11, 2002, which granted the separate motions of the defendants Arnelle Heim Blinderman and Leslie A. King, and the defendant Mercy Medical Center pursuant to CPLR 3216 to dismiss the complaint, and (2) an order of the same court dated May 8, 2002, which denied her motion, in effect, for leave to reargue the prior motions.

Ordered that the appeal from the order dated May 8, 2002, is dismissed; and it is further,

Ordered that the order entered January 11, 2002, is reversed, the motions are denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On June 22, 2001, the parties executed a certification conference order in which they represented that discovery and pretrial motions were complete. Pursuant to the 90-day notice incorporated in the certification conference order, the note of issue was required to be filed no later than September 20, 2001. By order to show cause dated September 20, 2001, and served upon the defendants on or about September 21, 2001, the plaintiff moved, inter alia, for an extension of time to file the note of issue. The Supreme Court denied the motion, and the plaintiff filed the note of issue on or about October 17, 2001.

The defendants moved pursuant to CPLR 3216 to dismiss the action. The plaintiff opposed the motion, arguing, inter alia, that the making of her motion for an extension of time to file the note of issue was delayed by the decline in productivity and technical problems experienced by her attorney's law office following the terrorist attack of September 11, 2001. The Supreme Court granted the motions, finding that the plaintiff's affidavit of merit was sufficient but that she failed to proffer a justifiable excuse for the failure to comply with the 90-day notice.

The plaintiff failed to timely comply with the 90-day notice (*see* CPLR 2211, 3216 [b] [3]; General Construction Law § 20; *Indemnity Ins. Co. v Lamendola,* 261 AD2d 580 [1999]). The plaintiff therefore was required to establish both a reasonable excuse for her failure to comply with the notice and a meritorious cause of action to avoid dismissal of her complaint (*see Safina v Queens-Long Is. Med. Group,* 238 AD2d 395 [1997]).

The Supreme Court improvidently exercised its discretion in granting the motions to dismiss the complaint. Law office failure may be excused where, as here, it is not willful or deliberate (*see Reyes v Ross,* 289 AD2d 554 [2001]; *Genova v Weinberg,* 184 AD2d 617 [1992]). The defendants proffered no evidence to contradict the affirmation of the plaintiff's counsel explaining the delay in filing the motion pursuant to CPLR 2004. To the extent that the completion of discovery was delayed by the plaintiff's lack of diligence, it did not rise to the level of failure to prosecute the action. In addition, as recognized by the Supreme Court, the affidavit of merit provided by the plaintiff's expert was sufficient to demonstrate that the plaintiff has a meritorious cause of action. The contention of the defendant Mercy Medical Center regarding the sufficiency of the affidavit of merit is raised for the first time on appeal and we decline to consider it. In light of the strong public policy in favor of resolving cases on the merits, the complaint should be reinstated (*see Halikiopoulos v New York Hosp. Med. Ctr. of Queens,* 284 AD2d 373 [2001]).

In light of our determination of the appeal from the order dated January 11, 2002, we need not reach the issues raised by the appellant on the appeal from the order dated May 8, 2002, which we have deemed to be a denial of a motion for leave to reargue. Ritter, J.P., Santucci, Smith and Luciano, JJ., concur.