■ FRANK CASTRO, Appellant, v HOMSUN CORP. et al., Respondents. [826 NYS2d 89]—

In an action to recover damages for breach of contract, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated November 7, 2005, as granted those branches of the defendants' motion which were for partial summary judgment dismissing all the causes of action asserted against the defendants 20 Exchange Second, LLC, Horizon Corp., and David Marom and that branch of the defendants' motion which was for summary judgment on the counterclaim asserted by the defendant 20 Exchange Second, LLC, against the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1999 the plaintiff and defendant Homsun Corporation signed a contract and closed on a partially-completed house in Stony Point, New York. Subsequently, various construction problems arose with the house. On July 19, 2000 the plaintiff commenced this action. After some discovery, the plaintiff served his note of issue by mail on April 26, 2005. It was received at the office of the County Clerk of Rockland County (hereinafter the Clerk) on May 2, 2005, and stamped "Filed" by the Clerk on May 6, 2005. The Clerk's docket display also gives the transaction date for the note of issue as May 6, 2005.

By papers served on September 2, 2005 the defendants moved, inter alia, for partial summary judgment dismissing all the causes of action asserted against the defendants 20 Exchange

Second, LLC, Horizon Corp., and David Marom and for summary judgment on the counterclaim asserted by the defendant 20 Exchange Second, LLC, against the plaintiff. The plaintiff opposed, inter alia, those branches of the motion which sought summary judgment, contending solely that they were untimely made since his note of issue was served and filed on April 26, 2005. In reply, the defendants asserted that the motion was timely made since the note of issue was filed on May 6, 2005 and the motion was made less than 120 days after that.

The Supreme Court granted, inter alia, those branches of the defendants' motion which were for partial summary judgment dismissing all the causes of action asserted against the defendants 20 Exchange Second, LLC, Horizon Corp., and David Marom and that branch of the defendants' motion which was for summary judgment on the counterclaim asserted by the defendant 20 Exchange Second, LLC, against the plaintiff. It found "that the motion was timely made since it was filed within 120 days after the note of issue was filed." We affirm, but for a different reason.

Papers that are required to be filed are considered to have been filed when they are received by the office with which, or by the official with whom, they are to be filed. In this instance, the record shows that the note of issue was received by the Clerk on May 2, 2005. Thus, that is the date it was considered filed for purpose of time computation (see *Albany Builders' Supply Co. v Eastern Bridge & Structural Co.*, 235 NY 432, 437-438 [1923]; *Sweeney v City of New York*, 225 NY 271, 275-276 [1919]; *Gates v State of New York*, 128 NY 221, 228 [1891]; *Matter of Esteves*, 31 AD3d 1028 [2006]; *Billings v Berkshire Mut. Ins. Co.*, 149 AD2d 895, 896 [1989]; *Matter of Cochran v New York City Employees' Retirement Sys.*, 131 AD2d 351 [1987]; *Stein v Wainwright's Travel Serv.*, 92 AD2d 961 [1983]).

Summary judgment motions are required to be made within 120 days after the filing of the note of issue. In this case, that period expired on August 30, 2005. Therefore, the motion was untimely. Untimely made summary judgment motions must be denied outright, irrespective of their merits, unless good cause is shown for the delay (see CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]).

In this instance, good cause was shown for the three-day de minimis delay in making the motion. The defendants' counsel submitted an affidavit asserting that he was ill during a portion of the relevant time period.

The plaintiff's remaining contention is improperly raised for the first time on appeal. Florio, J.P., Adams, Goldstein and Lunn, JJ., concur.