Wadiya Blaylock, Respondent,
against
Planet Mitsubishi, Appellant.




Michael R. Freeda, for appellant.
Wadiya Blaylock, respondent pro se (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Joseph B. Girardi, J.), entered April 4, 2016. The order denied defendant's motion to vacate a default judgment of that court entered January 28, 2016 upon defendant's failure to appear at trial.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment is granted.
In this small claims action to recover the principal sum of $5,000 for breach of contract and breach of warranty, plaintiff alleges that defendant failed to properly repair her vehicle. A default judgment was entered on January 28, 2016 in favor of plaintiff in the principal sum of $2,836 as a result of defendant's failure to appear for trial on January 27, 2016. Thereafter, defendant moved to vacate the default judgment. By order entered April 4, 2016, the District Court denied defendant's unopposed motion, finding that defendant had failed to set forth a reasonable excuse for its default. 
Upon a review of the record, we find that the District Court improvidently exercised its discretion in denying defendant's motion, as defendant demonstrated that it had both a reasonable excuse for its default in appearing at trial and a meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Defendant had appeared in court on two prior dates, and, as an excuse for not appearing on January 27, 2016, defendant's general manager asserted that he had mistakenly failed to calendar the adjourned date and to inform defendant's attorney that the matter had been adjourned to January 27, 2016. Under these circumstances, we find, contrary to the determination of the District Court, that defendant offered a credible and reasonable excuse for not appearing in court on the adjourned date (see Henry v Kuveke, 9 AD3d 476, 479 [2004]; see also Campbell-Jarvis v Alves, 68 AD3d 701, 702 [2009]; Storchevoy v Blinderman, 303 AD2d 672 [2003]; cf. Delacruz v Avila, 12 Misc 3d 144[A], 2006 NY Slip Op 51431[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). We [*2]further find that defendant has asserted a potentially meritorious defense.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is granted.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018