■ JOHN G. WELLS, Appellant, v MOUNT SINAI HOSPITAL AND MEDICAL CENTER et al., Respondents. [602 NYS2d 45] — Order, Supreme Court, New York County (Stanley Sklar, J.), entered June 23, 1992, which granted defendants' motion to dismiss plaintiff's causes of action for medical malpractice and intentional infliction of emotional distress as barred by the Statute of Limitations, and denied plaintiff's cross motion to amend the summons, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiff's filing of a summons that did not comply with the notice requirements of CPLR 305 (b) was jurisdictionally defective and consequently failed to toll the Statute of Limitations pursuant to CPLR 203 (b) (5) *(Kaplan v Manoli,* 100 AD2d 928, *affd* 64 NY2d 849; *Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635).

The IAS Court also properly denied plaintiff permission to amend the summons in order to set forth the nature of the action. A jurisdictionally void summons cannot be amended to breathe life into a dead claim *(see, Tamburo v P & C Food Mkts.,* 36 AD2d 1017), since to do so would be to prejudice "a substantial right of a party against whom the summons issued" (CPLR 305 [c]). Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.