[778 NYS2d 86]

Micro-Spy, Inc., et al., Appellants, v Marietta Small, Respondent.

Second Department, June 7, 2004

## APPEARANCES OF COUNSEL

*Ernest H. Hammer*, New York City, for appellants.

*Morris, Duffy, Alonso & Faley, LLP*, New York City (*Yolanda L. Himmelberger* and *Andrea M. Alonso* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether a defendant may demand a complaint pursuant to CPLR 3012 (b) before he or she is served with a summons. We find that CPLR 3012 (b) makes no provision for such a demand.

The instant action seeks to recover damages incurred in an accident on December 24, 1998. After appointment of an administrator for the defendant's decedent on December 12, 2001, the instant action was commenced by filing a summons with notice on December 21, 2001.

On March 29, 2002, prior to service of the summons with notice upon her, the defendant served a notice of appearance and demand for complaint by mail. On April 2, 2002, the defendant was served with the summons with notice and on April 25, 2002, she was served with the verified complaint.

The defendant moved to dismiss the action pursuant to CPLR 3012 (b), alleging that the service of the verified complaint was untimely. CPLR 3012 (b) provides that "[s]ervice of the complaint shall be made within twenty days after service of the demand" and "[i]f no demand is made, the complaint shall be served within twenty days after service of the notice of appearance." The defendant contends that the complaint was served after the period prescribed in CPLR 3012 (b) expired.

The plaintiffs opposed the motion on the ground that the demand for a complaint was premature since the defendant

demanded the complaint prior to being served with the summons. In the alternative, the plaintiff cross-moved pursuant to CPLR 3012 (d) for an extension of time to serve a complaint.

The Supreme Court, in the order appealed from, granted the defendant's motion and denied the cross motion on the ground that granting an extension of time to serve a complaint "would result in an impermissible extension of the applicable statute of limitations which has lapsed." We reverse.

Contrary to the defendant's contention in the Supreme Court, CPLR 3012 (b) refers to and must be read in conjunction with CPLR 320 (a). CPLR 3012 (b) provides that "[i]f the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time provided in" CPLR 320 (a) for an appearance.

CPLR 320 (a) in turn provides that "[a]n appearance shall be made within twenty days *after* service of the summons" except that in certain situations not applicable here, "the appearance shall be made within thirty days *after* service is complete" (emphasis supplied). However, "[i]f the complaint is not served with the summons, the time to appear may be extended as provided in" CPLR 3012 (b), which states that service of a demand for a complaint "shall extend the time to appear until twenty days after service of the complaint." No provision is made for an appearance or a demand for a complaint *before* the summons is served.

Prior to 1979, CPLR former 3012 (b) made no reference to the time limitations in CPLR 320 and simply provided, in pertinent part (L 1962, ch 308): "If the complaint is not served with the summons, the defendant may serve a written demand for the complaint. If the complaint is not served within twenty days after service of the demand, the court upon motion may dismiss the action." If a defendant was served with a summons and neglected to serve a demand for a complaint, the defendant was not entitled to a complaint (*see Ardila v Roosevelt Hosp.,* 55 AD2d 557 [1976]).

CPLR former 305 (b) permitted service of a summons with notice of the object of the action and the relief sought but did not require such notice (*see* L 1965, ch 749). Therefore, a plaintiff could serve a summons without notice and without a complaint. However, in such instances the plaintiff could not enter a default judgment, and after one year the plaintiff's action was subject to dismissal as abandoned pursuant to CPLR 3215 (c) (*see George v Samson Floors,* 78 AD2d 156 [1980]; *Keyes v McLaughlin,* 49 AD2d 974 [1975]).

In 1978, the Judicial Conference of the State of New York recommended amendment of the "Procedure Where Summons Is Served Without Complaint" (*see* 23rd Ann Report of NY Jud Conf, at 271). In its report it recommended that the practice of permitting service of a summons without a complaint should be continued, since "in emergencies the use of the summons without a complaint remains a useful device" (*id.* at 274). However, to solve "the puzzling question of how . . . the plaintiff should proceed when the defendant defaults without making a demand for the complaint after service of a bare summons," the Judicial Conference recommended amendment of CPLR 305 (b) to require that a summons not served with a complaint contain a notice of the nature of the action and the relief sought to permit entry of a default judgment if the defendant failed to appear (*id.* at 273).

To avoid uncertainty as to when a complaint should be served, the Judicial Conference recommended amendment of CPLR 3012 (b) to provide that (1) a demand for a complaint may be made within the time provided in CPLR 320 (a) for an appearance, (2) service of a demand for a complaint extends the time to appear until 20 days after service of the complaint, and (3) if the defendant appears but fails to demand a complaint, the complaint nevertheless must be served within 20 days after the appearance (*id.* at 278-279).

In Laws of 1978 (ch 528, eff Jan. 1, 1979), these recommendations were implemented (*see Rowell v Gould,* 124 AD2d 995 [1986]). In its memorandum in support of the legislation, the Office of Court Administration noted (1978 NY Legis Ann, at 308): "The proposed notice amendments are preferable to a requirement of service of summons and complaint to commence every action. In emergencies, where the statute of limitations has nearly run, or to obtain jurisdiction of transient defendants, the summons and notice procedure is a highly useful device."

These provisions remained unchanged after enactment of the procedure of commencement by filing. CPLR 304 provides that "[a]n action is commenced by filing a summons and complaint or summons with notice."

Commencement of an action with a summons and complaint is preferable to commencement with a summons with notice (*see* Siegel, NY Prac § 60, at 81-82 [3d ed]). If a complaint is inadequate, it may be amended (*see* CPLR 3025). However, if a summons without a complaint contains an inadequate notice of the nature of the action and the relief demanded, the inade-

quate notice is grounds to dismiss the action (*see Scaringi v Elizabeth Broome Realty Corp.,* 191 AD2d 223 [1993]; *Drummer v Valeron Corp.,* 154 AD2d 897 [1989]). A summons dismissed for failure to comply with the notice requirements of CPLR 305 (b) is "jurisdictionally defective" and cannot be amended (*Wells v Mount Sinai Hosp. & Med. Ctr.,* 196 AD2d 749, 749 [1993]; *see Kaplan v Manoli,* 64 NY2d 849 [1985]; *Frerk v Mercy Hosp.,* 63 NY2d 635 [1984]; *Wilber Natl. Bank v F & A Inc.,* 301 AD2d 706 [2003]). Further, if the plaintiff's summons is dismissed for failure to comply with CPLR 305 (b) the six-month extension for commencement of a new action pursuant to CPLR 205 (a) is not available (*see Parker v Mack,* 61 NY2d 114 [1984]; *Farkas v Tarrytown Lbr.,* 133 AD2d 251 [1987]).

In view of these potential problems, use of a summons with notice should be confined to those situations where there is insufficient time to draft a complaint. However, if a defendant was permitted to demand a complaint *before* service of the summons, the purpose of the summons with notice would be vitiated.

Accordingly, the defendant's demand for a complaint pursuant to CPLR 3012 (b) prior to service of the summons was premature and did not invoke the time limitations of CPLR 3012 (b).

We further note that the instant action was timely commenced by filing of the summons with notice (*see* CPLR 304) within the applicable three-year statute of limitations (*see* CPLR 214; *see also* CPLR 210 [b]). CPLR 201 which prohibits the extension of a statute of limitations is not applicable here.

In view of the foregoing, the order appealed from should be reversed, on the law, the motion is denied, and the cross motion for an extension of time to serve a complaint dismissed as unnecessary.

ALTMAN, J.P., KRAUSMAN and MASTRO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cross motion is dismissed as unnecessary.