■ HOWARD B. SPIVAK ARCHITECT, P.C., Appellant, v HENRY ZILBERMAN et al., Respondents. [874 NYS2d 412]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 29, 2007, which, inter alia, granted defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings.

On December 7, 2006, plaintiff commenced this action to recover damages for breach of contract against defendants by filing a summons with notice. Approximately one week later, plaintiff's counsel mailed a "courtesy copy" of the summons with notice to defendants' counsel. A few days after the "courtesy copy" was mailed, defendants' counsel served on plaintiff's counsel a notice of appearance in the action. On January 11, 2007, just over three weeks after the notice of appearance was served, plaintiff's process server personally served defendant Henry Zilberman with the summons with notice and served the same on defendant Susan Zilberman by deliver-and-mail.

On or about April 3, 2007, defendants moved to dismiss the action on the ground that plaintiff failed to serve its complaint. Defendants maintained that, because their attorney served a notice of appearance on December 18, plaintiff's time to serve its complaint had lapsed (CPLR 3012 [b]). Approximately one day after defendants made the motion, plaintiff served defendants with the complaint. Additionally, plaintiff opposed the motion, and cross-moved for an extension of time to serve its complaint. Supreme Court granted the motion and denied the

cross motion, finding that plaintiff failed timely to serve the complaint and that plaintiff was not entitled to an extension of time to serve it.

"If the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time provided in subdivision (a) of rule 320 for an appearance. Service of the complaint shall be made within twenty days after service of the demand . . . If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance" (CPLR 3012 [b]). CPLR 320 (a) provides, in relevant part, that "[t]he defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. An appearance shall be made within twenty days *after service of the summons*, except that if the summons was served on the defendant . . . pursuant to section 303, subdivision two, three, four or five of section 308 . . . , the appearance shall be made within thirty days *after service is complete*" (emphasis added). As the Second Department has observed, "[n]o provision is made for an appearance or a demand for a complaint *before* the summons is served" (*Micro-Spy, Inc. v Small*, 9 AD3d 122, 124 [2004]).

Here, under CPLR 320 (a), service of the summons with notice on *defendants* triggered defendants' obligation to appear or answer the action. Because defendants did not answer or serve a notice of appearance after they were served with the summons with notice, plaintiff's time to serve them with the complaint did not begin to run. Concomitantly, plaintiff did not fail to comply with CPLR 3012 (b) (*see Micro-Spy, supra*).

Contrary to defendants' contention, defense counsel's service of a notice of appearance did not trigger plaintiff's obligation to serve a complaint under CPLR 3012 (b) ("If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance"). Because there is no evidence, indeed no claim, that defendants designated their attorney pursuant to CPLR 318 as their agent for service of process, defendants' attorney lacked authority to accept service of process on behalf of defendants (*see Broman v Stern*, 172 AD2d 475, 476 [1991]). Accordingly, the notice of appearance that defendants' attorney served on plaintiff's attorney in response to the *courtesy-copy* summons with notice, and before defendants themselves were served with a summons with notice, was a nullity (*see Micro-Spy, supra* [defendant may not demand a complaint under CPLR 3012 (b) before being served with a summons with notice]). Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.