■ THOMAS RYAN et al., Appellants, v HIGH ROCK DEVELOPMENT, LLC, et al., Respondents, et al., Defendants. [2 NYS3d 519]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated December 27, 2012, which granted the motion of the defendants High Rock Development, LLC, Pugliese Construction Corp., Michael Pugliese, Dominick Pugliese & Sons Realty Corp., and Dominick Pugliese pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants High Rock Development, LLC, Pugliese Construction Corp., Michael Pugliese, Dominick Pugliese & Sons Realty Corp., and Dominick Pugliese pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint is denied.

The plaintiffs commenced this action by filing a summons with notice. It is undisputed that the summons with notice was never served on the defendants. The day after the plaintiffs filed the summons with notice, the defendants High Rock Development, LLC, Pugliese Construction Corp., Michael Pugliese, Dominick Pugliese & Sons Realty Corp., and Dominick Pugliese (hereinafter collectively the Pugliese defendants), served a notice of appearance and a demand for a complaint. Approximately one month later, the Pugliese defendants moved pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint. The Supreme Court granted the motion. We reverse.

An action may be commenced "by filing a . . . summons with notice" (CPLR 304 [a]; *see Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 30 [2009]). "Service of the . . . summons with notice . . . shall be made within one hundred twenty days after the commencement of the action or proceeding" (CPLR 306-b; *see Bumpus v New York City Tr. Auth.*, 66 AD3d at 30). "If the complaint is not served with the summons, the defendant may serve a written demand for the complaint" (CPLR 3012 [b]).

"Service of the complaint shall be made within twenty days after service of the demand" (*id.*). "If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance" (*id.*). "The court upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision" (*id.*).

As this Court has previously recognized, "[n]o provision is made for an appearance or a demand for a complaint before the summons is served" (*Micro-Spy, Inc. v Small*, 9 AD3d 122, 124 [2004]). A demand for a complaint pursuant to CPLR 3012 (b) prior to service of the summons is premature and does not invoke the time limitations of CPLR 3012 (b) (*see Howard B. Spivak Architect, P.C. v Zilberman*, 59 AD3d 343, 344 [2009]; *Micro-Spy, Inc. v Small*, 9 AD3d at 126).

Here, since the summons with notice had never been served, the notice of appearance and demand for a complaint was a nullity and the 20-day period within which the complaint had to be served pursuant to CPLR 3012 (b) had not begun to run (*see Howard B. Spivak Architect, P.C. v Zilberman*, 59 AD3d at 344; *Micro-Spy, Inc. v Small*, 9 AD3d at 126). Accordingly, the Supreme Court did not have the authority to dismiss the action for failure to timely serve a complaint pursuant to CPLR 3012 (b) (*see Howard B. Spivak Architect, P.C. v Zilberman*, 59 AD3d at 344; *Micro-Spy, Inc. v Small*, 9 AD3d at 126). Therefore, the Pugliese defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint should have been denied. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.