Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC (2017 NY Slip Op 03614)





Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC


2017 NY Slip Op 03614


Decided on May 4, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2017

Sweeny, J.P., Gische, Kahn, Gesmer, JJ.


653468/15 -3907 3906 3905

[*1]Wimbledon Financing Master Fund, Ltd. Plaintiff-Appellant,
v
Weston Capital Management LLC, et al., Defendants, Marshall Manley, Defendant-Respondent.


Kaplan Rice LLP, New York (Michelle A. Rice of counsel), for appellant.
Kudman Trachten Aloe LLP, New York (Paul H. Aloe of counsel), for respondent.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 25, 2016, dismissing the complaint as against defendant Marshall Manley, and bringing up for review, an order, same court and Justice, entered May 18, 2016, which granted defendant Manley's motion to dismiss pursuant to CPLR 3012(b) and denied plaintiff's cross motion pursuant to CPLR 3012(d) for an extension of time to serve its complaint, unanimously reversed, on the law, without costs, the judgment vacated, defendant's motion denied, plaintiff's cross motion granted, the complaint reinstated, and defendant directed to accept service thereof. Appeals from orders, same court and Justice, entered May 18, 2016 and July 22, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment and as academic, respectively.
Plaintiff commenced this securities fraud action against 26 defendants by filing a summons with notice on October 16, 2015, and served defendant Manley pursuant to CPLR 308(2) twelve days later. On November 3, 2015, before plaintiff had filed proof of service, defendant served a demand for a complaint pursuant to CPLR 3012(b). Plaintiff, taking the position that the demand was a nullity, asked defendant to agree to accept a complaint served by the end of December. Defendant refused, and instead moved to dismiss the action on November 24, the 21st day after service of its demand. Plaintiff served a complaint on December 24, 2015.
We agree with the motion court that under CPLR 3012(b), defendant was permitted to serve a demand for a complaint after being served, notwithstanding that service was not technically "complete." The time frames applicable to defendants set forth in CPLR 3012(b) are deadlines, not mandatory start dates (see Micro-Spy, Inc. v Small, 9 AD3d 122, 125 [2d Dept 2004], citing 23rd Ann Report of NY Jud Conf at 271, 273 [1978]). In the cases relied on by plaintiff, the defendants' demands were ineffective to trigger plaintiff's time to serve a complaint pursuant to CPLR 3012(b) because the defendants had not yet been served with a summons with notice, and the CPLR makes no provision for an appearance or a demand for a complaint before the summons is served (see e.g. Howard B. Spivak Architect, P.C. v Zilberman, 59 AD3d 343, 344 [1st Dept 2009]; Ryan v High Rock Dev., LLC, 124 AD3d 751, 752 [2d Dept 2015]; Micro-Spy at 124).
However, plaintiff's cross motion should have been granted. Plaintiff demonstrated a reasonable excuse based on its misunderstanding of the applicable time limits, as well as the complexity of the fraud case (see Hernandez v Chaparro, 95 AD3d 745 [1st Dept 2012]; [*2]Brooklyn Union Gas Co. v Aaer Sprayed Insulations, 158 AD2d 292 [1st Dept 1990]). Plaintiff also adequately demonstrated the potential merits of its claims against Manley through the affirmation of counsel, who, based on her personal involvement in the investigation and review of files (see R.I.C.E. Corp. v Metropolitan Life Ins. Co., 288 AD2d 148 [1st Dept 2001]), detailed the factual basis for the fraud claims and for inferring that Manley aided and abetted the scheme, and submitted supporting documentation. We further consider that plaintiff's delay in service of the complaint in this complex litigation was relatively brief, there was a lack of any prejudice to defendant, and the strong public policy in favor of resolving cases on the merits (see Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417 [1st Dept 2016]; Aquilar v Nassau Health Care Corp., 40 AD3d 788 [2d Dept 2007]; Guzetti v City of New York, 32 AD3d 234 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 4, 2017
CLERK