| **Chinn v Hernandez** |
|:---:|
| 2024 NY Slip Op 33068(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805001/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**

*Justice*

-------------------------------------------------------------------------------X

MEGAN CHARLOTTE CHINN and MATTHEW TAYLOR,

Plaintiffs,

- v -

LYSSA HERNANDEZ, M.D., CLAUDIA HOLLAND, M.D.,
ALANA DUTTON, M.D., RACHEL LIBON, R.N., and
MOUNT SINAI MEDICAL CENTER, doing business as
MOUNT SINAI WEST,

Defendants.

-------------------------------------------------------------------------------X

PART          56M

INDEX NO.          805001/2024

MOTION DATE          05/15/2024

MOTION SEQ. NO.          001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9

were read on this motion to/for          DISMISS          .

In this action to recover damages for medical malpractice, the defendant Mount Sinai

Medical Center, doing business as Mount Sinai West (Mount Sinai), moves pursuant to CPLR

3012(b) to dismiss the action insofar as asserted against it for the plaintiffs' failure timely to

serve a complaint after its service and filing of a notice of appearance.  Although the plaintiffs

did not oppose the motion, the motion nonetheless is denied, albeit without prejudice to renewal

upon proper papers, as set forth herein.

The pro se plaintiffs commenced this action on January 2, 2024 by filing a summons with

notice (*see* CPLR 304[a]).  Mount Sinai served and filed a notice of appearance on April 3,

2024.  On April 25, 2024, Mount Sinai made the instant motion, contending that the action

should be dismissed as against it because the plaintiffs failed to serve a complaint within 20

days after it served and filed the notice of appearance.

CPLR 3012(b) provides that,

> "[i]f the complaint is not served with the summons, the defendant may serve a
> written demand for the complaint within the time provided in subdivision (a) of
> rule 320 for an appearance.  Service of the complaint shall be made within

805001/2024   CHINN, MEGAN CHARLOTTE ET AL vs. HERNANDEZ M.D., ALYSSA ET AL          Page 1 of 4
Motion No.  001

1 of 4

[* 1]

twenty days after service of the demand. Service of the demand shall extend the time to appear until twenty days after service of the complaint. *If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance. The court upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision.* A demand or motion under this subdivision does not of itself constitute an appearance in the action"

(emphasis added). CPLR 320(a), in turn, provides, in relevant part, that,

"[t]he defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. An appearance shall be made within twenty days *after service of the summons* except that if the summons was served on the defendant . . . pursuant to section 303 [providing for service upon an agent] . . . , the appearance shall be made within thirty days after service is complete"

(emphasis added).

In this action, Mount Sinai's attorneys did not serve and file a demand that the plaintiffs serve a complaint, but only served and filed a notice of appearance, which, under most circumstances, would trigger the plaintiffs' obligation to serve a complaint within 20 days of such service and filing (*see Deutsche Bank Natl. Trust Co. v Hall,* 185 AD3d 1006, 1008 [2d Dept 2020]; *Estate of Ward v Hoffman,* 139 AD2d 691, 692 [2d Dept 1988]). Nonetheless, as the Appellate Division, First Department, has explained, the operative provisions of CPLR 3012(b) require that the summons actually be served before a defendant may avail itself of making a motion to dismiss pursuant to that section. Hence, where the summons has not been served upon a defendant, but its attorney nonetheless files a notice of appearance, the filing of that notice does "not trigger plaintiff's obligation to serve a complaint under CPLR 3012(b)" (*Howard B. Spivak Architect, P.C. v Zilberman,* 59 AD3d 343, 344 [1st Dept 2009]). Stated another way, "[n]o provision is made for an appearance or a demand for a complaint *before* the summons is served" (*Micro-Spy, Inc. v Small*, 9 AD3d 122, 124 [2d Dept 2004] [emphasis in original]; *see Howard B. Spivak Architect, P.C. v Zilberman,* 59 AD3d at 344; *Ryan v High Rock Dev., LLC,* 124 AD3d 751, 752 [2d Dept 2015]).

Here, the plaintiffs did not file proof of service of the summons with notice upon Mount Sinai. Moreover, Mount Sinai's attorneys did not submit an affidavit from someone with

personal knowledge attesting to the fact that the summons and notice was indeed served, and identifying the person to whom the summons with notice was delivered on behalf of Mount Sinai. Rather, the only indication that the summons with notice was served was set forth on Mount Sinai's unsworn request for judicial intervention form, on which its attorneys checked off a box and indicated that the summons with notice was served on January 2, 2024, the very same date that the summons with notice was filed, a very unlikely occurrence. In addition, "there is no evidence, indeed no claim, that defendant[ ] designated [its] attorney pursuant to CPLR 318 as [its] agent for service of process" (*Howard B. Spivak Architect, P.C. v Zilberman,* 59 AD3d at 544). Rather, the court is left to guess whether the summons actually was served upon Mount Sinai or its agent.

Since Mount Sinai has failed to demonstrate whether service was made upon it, Mount Sinai has failed to establish that its attorneys were permitted to serve and file a notice of appearance, and whether it could invoke CPLR 3012(b) as a ground for dismissal of the action (*cf. id.* [summons with notice was not actually served upon defendants; rather, only a courtesy copy was served upon their attorneys, whose service and filing of a notice of appearance therefore did not trigger the 20-day period obligating plaintiff to serve complaint]). Absent proof that Mount Sinai "serve[d] a notice of appearance after [it was] served with the summons with notice," the court must conclude, based on the evidence before it, that the "plaintiff[s'] time to serve [Mount Sinai] with the complaint did not begin to run. Concomitantly, plaintiff[s] did not fail to comply with CPLR 3012(b)" (*id.*).

The motion must thus be denied.

The denial, however, is without prejudice to renewal, upon Mount Sinai's submission of evidence, in admissible form, establishing that it was indeed served with a copy of the summons with notice, explaining how it was served, and identifying the person to whom the copy of the summons with notice was delivered.

Accordingly, it is,

**805001/2024   CHINN, MEGAN CHARLOTTE ET AL vs. HERNANDEZ M.D., ALYSSA ET AL**          **Page 3 of 4**
**Motion No.  001**

[* 3]

ORDERED that the motion is denied.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **8/30/2024** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

805001/2024   CHINN, MEGAN CHARLOTTE ET AL vs. HERNANDEZ M.D., ALYSSA ET AL   Page 4 of 4
Motion No.  001

4 of 4

[* 4]