## Wesco Ins. Co. v EEGP 139 Owner, LLC

2024 NY Slip Op 34457(U)

December 20, 2024

Supreme Court, New York County

Docket Number: Index No. 158411/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**        PART       **04**

*Justice*

-------------------------------------------------------------------------------X

WESCO INSURANCE COMPANY,

           Plaintiff,

- v -

EEGP 139 OWNER, LLC, CM AND ASSOCIATES
CONSTRUCTION MANAGEMENT LIMITED LIABILITY
COMPANY, SIMPSON GUMPERTZ & HEGER INC.,
ANCORA ENGINEERING PLLC, LANGAN ENGINEERING,
ENVIRONMENTAL, SURVEYING, LANDSCAPE
ARCHITECTURE AND GEOLOGY, D.P.C., THE
BLUESTONE ORGANIZATION, INC., TRIDENT GENERAL
CONTRACTING LLC, TITAN ENGINEERS, P.C.,

           Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158411/2022 |
| MOTION DATE | 04/24/2023, 08/25/2023 |
| MOTION SEQ. NO. | 001 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 50, 51, 52, 70, 72, 74, 75, 76, 77, 96, 123

were read on this motion to/for           DISMISSAL          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 100, 101, 102, 103, 104, 105, 106, 107

were read on this motion to/for           DISMISSAL          .

In this action, plaintiff seeks to recover for property damage at 210 Forsyth Street, New York, New York, caused by defendants' negligence during construction performed at 141 East Houston Street, New York, New York.

In motion sequence 001, defendants EEGP 139 Owner, LLC ("EEGP") and CM and Associates Construction Management Limited Liability Company ("CM Construction") move to dismiss this action pursuant to CPLR 3211(a)(8), based upon plaintiff's failure to comply with CPLR 306-b and CPLR 3012(b). In motion sequence 003, defendant Langan Engineering, Environmental, Surveying, Landscape, Architecture and Geology, D.P.C. ("Langan") moves to

**158411/2022   WESCO INSURANCE COMPANY vs. EEGP 139 OWNER, LLC ET AL**
**Motion No.  001 003**

Page 1 of 5

1 of 5

[* 1]

dismiss on the same basis. These motions are consolidated for disposition and, for the reasons set forth below, granted.

## FACTUAL BACKGROUND

Plaintiff commenced this action by filing a Summons with Notice on September 30, 2022. Plaintiff then served the Summons with Notice on CM Construction on January 26, 2023 (118 days after filing), on EEGP on January 30, 2023 (122 days after filing), and on Langan on February 1, 2023 (124 days after filing). EEGP and CM Construction filed a Demand for Complaint on February 10, 2023, and Langan filed a Demand for Complaint on February 17, 2023. Plaintiff filed the complaint on April 4, 2023, forty-six days after Langan's demand and fifty-three days after the demand by EEGP and CM Construction.

These defendants now move to dismiss the complaint, noting that plaintiff's service of the summons with notice was beyond the 120-day deadline set by CPLR 306-b and its complaint was served beyond the twenty-day window for such service created by CPLR 3012(b). In opposition, plaintiff does not offer a reasonable excuse for these delays but argues that time for service of the summons with notice and complaint be extended, in the interests of justice, and be deemed timely filed nunc pro tunc because it commenced this action prior to the expiration of the statute of limitations and has a meritorious claim (as evidenced by a separate action commenced by its subrogor, 210 Forsyth Street Housing Development Fund Corp., in New York State Supreme Court under index 158315/2022, in which EEGP and CM Construction are defendants). In reply, defendants argue that the relief sought by plaintiff may not be granted as plaintiff has only requested same in its opposition rather than making a formal motion for such relief.

**158411/2022   WESCO INSURANCE COMPANY vs. EEGP 139 OWNER, LLC ET AL**
**Motion No.  001 003**

**Page 2 of 5**

2 of 5

[* 2]

## DISCUSSION

Defendants' motions are denied.

CPLR 306-b provides that

Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding. . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

Plaintiff argues that an extension is warranted in the interest of justice. The interest of justice standard does not require plaintiff to establish reasonably diligent efforts in serving defendants but instead

requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties … [T]he court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant.

(Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-06 [2001] [internal citations omitted]).

Considering that plaintiff's service of the complaint on the moving defendants was, at most, four days beyond the 120-day statutory deadline of CPLR 306-b, the statute of limitations has expired, and defendants have not demonstrated any prejudice, the Court concludes that an extension of time should be granted in the interest of justice and plaintiff's complaint is deemed timely served nunc pro tunc (See Griffin v Our Lady of Mercy Med. Ctr., 276 AD2d 391 [1st Dept 2000] [plaintiff's time to serve defendant properly extended nunc pro tunc where service was made 19 days after expiration of 120-day period under CPLR 306-b, action would be barred by the one-year Statute of Limitations if such extension were not granted, and defendants failed to establish prejudice "other than having to defend the action"]).

Neither does plaintiff's failure to serve the complaint in conformity with CPLR 3012(b) mandate dismissal, under these circumstances. CPLR 3012(b) directs that after a written demand for the complaint, service of same shall be made within twenty days thereafter and provides that "[t]he court upon motion <u>may</u> dismiss the action if service of the complaint is not made as provided in this subdivision" (CPLR 3012[b] [emphasis added]). In general, "[t]o avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action (<u>Mazzola v Vil. Hous. Assoc., LLC</u>, 164 AD3d 668, 669 [2d Dept 2018]). While plaintiff has not done so here, the Court nevertheless has the power to exercise its discretion in the interest of justice to extend the time for service of the complaint (See <u>Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC</u>, 2017 NY Slip Op 31515[U], 22-23 [Sup Ct, NY County 2017] <u>citing</u> <u>Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgmt. LLC</u>, 150 AD3d 427 [1st Dept 2017]) and does so here, for the same reasons set forth above. Contrary to defendants' claim, the fact that plaintiff did not file a motion for the foregoing relief does not present a bar to same—"[s]ince defendant fully addressed the issue of whether plaintiff should be afforded relief pursuant to CPLR 306–b in its moving papers, the absence of a formal motion by plaintiff was not an impediment to the court's award of such relief upon his informal request" (<u>Slate v Schiavone Const. Co.</u>, 10 AD3d 1, 4 [1st Dept 2004] <u>revd on other grounds,</u> 4 NY3d 816 [2005]).

Accordingly, it is

**ORDERED** that EEGP 139 Owner, LLC and CM and Associates Construction Management Limited Liability Company's motion to dismiss this action is denied; and it is further

**158411/2022   WESCO INSURANCE COMPANY vs. EEGP 139 OWNER, LLC ET AL**
**Motion No.  001 003**

**Page 4 of 5**

4 of 5

**ORDERED** that Langan Engineering, Environmental, Surveying, Landscape, Architecture and Geology, D.P.C.'s motion to dismiss this action is denied; and it is further

**ORDERED** that plaintiff's April 4, 2023 service of the complaint is deemed timely, nunc pro tunc, and defendant's time to serve and file an answer is enlarged until thirty days after service upon them of a copy of this decision and order; and it is further

**ORDERED** that plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on March 6, 2025, at 9:30 a.m.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **12/20/2024** | **HON. JUDY H. KIM, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158411/2022   WESCO INSURANCE COMPANY vs. EEGP 139 OWNER, LLC ET AL**
**Motion No.  001 003**

**Page 5 of 5**

5 of 5

[* 5]