| **Waheed v Kim** |
|:---:|
| 2026 NY Slip Op 30843(U) |
| March 4, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805103/2019 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. KATHY J. KING                               PART            06

_Justice_

---------------------------------------------------------------------X

SEHRA WAHEED,                                              INDEX NO.        805103/2019

                          Plaintiff,                      MOTION DATE      09/30/2025

         - v -                                            MOTION SEQ. NO.  023

SONIA KIM, and GARDEN OB/GYN OF EAST 67TH,

                          Defendants.                     **DECISION + ORDER ON**
                                                          **MOTION**

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 023) 666, 667, 668, 677, 678, 679, 716, 717, 720, 722, 723, 726, 727, 730, 731, 739, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826, 830, 831, 957, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1015, 1016, 1017, 1018, 1019, 1020, 1021, 1022, 1023, 1024, 1025, 1026, 1027, 1028, 1029, 1030, 1107, 1108, 1109, 1110, 1111, 1112, 1113, 1114, 1115, 1116, 1117, 1118, 1119, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1131, 1132, 1133, 1134, 1135, 1136, 1137, 1138, 1139, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1234, 1235, 1236, 1237, 1238, 1239, 1240, 1241, 1242, 1268, 1276, 1277, 1278, 1279, 1280, 1281, 1282, 1298, 1301, 1305, 1306

were read on this motion to/for            JUDGMENT - SUMMARY            .

In this medical malpractice action, Plaintiff Sehra Waheed moves[1] and, Defendants,

SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a

GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN, cross move for summary

judgment pursuant to CPLR 3212. The Court's review herein is limited solely to Defendant's

cross-motion, since Plaintiff withdrew her summary judgment motion at oral argument.[2]

Defendants' cross motion requests the following relief:

a.  Pursuant to CPLR 3212, granting summary judgment in favor of Defendants, SONIA
    KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a
    GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN, and dismissing
    Plaintiff's Complaint as against them in its entirety and with prejudice;

---

[1] Plaintiff moved for an order granting summary judgment on the issue of liability against Defendant, Sonia Kim, M.D., and imposing severe monetary sanctions against Defense Counsels at Martin Clearwater & Bell, LLP.

[2] Said withdrawal was also subsequently confirmed by Plaintiff's email dated December 9, 2025.

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL                          Page 1 of 10
Motion No.  023

[* 1]

b. Upon dismissal, amending the caption to delete Defendants, SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN, as a named party thereto;

c. Upon dismissal, severing the claims insofar as asserted against Defendants, SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN; and

d. Upon dismissal and severance, directing the entry of judgment with prejudice in favor of Defendants, SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN; or

e. In the alternative, pursuant to CPLR §§3212 and 3212(e), granting partial summary judgment as to Defendants, SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN, on any theory of liability as to which the Court determines that Plaintiff has failed to raise an issue of fact.

Plaintiff opposes the cross-motion.

## BACKGROUND

Between 2014 and 2018, Plaintiff, then a woman in her late 30s, sought treatment for declining fertility, eventually receiving diagnoses of premature ovarian failure, Hashimoto's thyroiditis, and diminished ovarian reserve. Multiple specialists informed her that her follicle-stimulating hormone (FSH) levels were in the post-menopausal range and that successful pregnancy was unlikely. On July 10, 2018, Plaintiff presented to Dr. Kim at Bethpage Medical for a surgical consult for cyst removal from the left ovary, and for assessment of Plaintiff's abnormal uterine bleeding. Dr. Kim recommended an endometrial biopsy to rule out endometrial cancer based on Plaintiff's abnormal uterine bleeding and family history. The biopsy could not be completed as scheduled on July 16, 2018, due to Plaintiff's cervical stenosis and intolerance of pain. Instead, a dilation and curettage ("D&C") procedure was scheduled for July 26, 2018, and Dr. Kim entered an order for a prescription of Cytotec that was sent to the Plaintiff's pharmacy.

Plaintiff executed a Consent to Operation form for "D&C and endometrial biopsy," indicating Dr. Kim had "fully explained to [her] the nature and purpose of this procedure and ha[d]

805103/2019 WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No. 023

Page 2 of 10

2 of 10

described the part of [her] body which will undergo this procedure." The form indicates that Plaintiff was given a chance to ask questions which were all answered to her satisfaction. The form further indicates that Dr. Kim "fully explained the risks, and drawbacks involved as well as the possibility of complications from the procedure, and the benefits of the procedure . . . and also discussed alternatives including no treatment to the procedure along with those risks and benefits."

Prior to the procedure, Dr. Kim learned that Plaintiff had not followed Dr. Kim's instructions to insert Cytotec vaginally the night prior to the procedure. While Dr. Kim attempted to perform the procedure, Plaintiff was unable to dilate due to cervical stenosis, and the procedure had to be terminated. Dr. Kim noted a cervical laceration upon removal of the tenaculum. Post-operatively, Plaintiff complained of vaginal bleeding while in the recovery room and was subsequently discharged with instructions to present to the nearest emergency room for repair of the cervical laceration if there was any further bleeding. Plaintiff presented to Lenox Hill Hospital the same day with complaints of vaginal bleeding. The next day, Plaintiff underwent a repair procedure for a 2-to-3cm cervical laceration. No complications were noted, and she was discharged the same day with instructions to follow up with her Obstetrician/Gynecologist ("OB/GYN").

On July 31, 2018, Plaintiff presented to nonparty OB/GYN surgeon, Dr. Sonya Brar, for a surgical consultation. On September 19, 2018, Plaintiff underwent an outpatient bilateral ovarian cystectomy performed by Dr. Brar, based on a transvaginal ultrasound performed on her initial consultation. Plaintiff's pre- and post-operative diagnoses were bilateral simple ovarian cysts, with suspected endometriosis and filmy adhesions of bowel to the right pelvic sidewall. Post operatively, it was noted that the filmy adhesions were easily removed, and the cervix was completely normal appearing. At Plaintiff's two-week post-operative visit on October 2, 2018, gynecological examination revealed a normal appearing cervix with no bleeding noted or reported

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No. 023

Page 3 of 10

[* 3]

3 of 10

by Plaintiff. On July 5, 2022, it was documented by Plaintiff's primary care physician, Dr. Cluny Lefevre, that the laceration had healed completely, and the claimed adhesions "around [the] cervix and ovaries," had been removed. "Asherman's Syndrome was also ruled out." Since the procedure, the Plaintiff's hormone levels have remained in the post-menopausal range, consistent with her pre-existing condition of premature ovarian failure.

Plaintiff commenced this lawsuit by the filing of a Summons and Complaint on April 2, 2019. Plaintiff alleges that on July 26, 2018, Dr. Kim, as an employee of Bethpage Medical, departed from accepted medical practice in the performance of a hysteroscopy and (D&C) procedure, and proximately resulted in Plaintiff sustaining a laceration to the cervix and sequelae including surgical menopause and infertility.

Defendants Dr. Kim and Bethpage Medical, sued herein as Garden OB/GYN of East 67th d/b/a Garden OB-GYN, interposed a Verified Answer on June 20, 2019, and July 29, 2024, respectively. Defendants now cross-move for summary judgement. The cross motion shall be considered by the Court, notwithstanding the withdrawal of Plaintiff's motion for summary judgment, since it seeks independent affirmative relief (*see* CPLR 3212 [b]; *see also U.S. Bank N.A. as Tr. for SCMC 2006-6 v Guercia*, 61 Misc 3d 1220(A) [Sup Ct 2018]; *Trevino v Pray*, 217 AD3d 574 [1st Dept 2023]; *Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC*, 150 AD3d 427 [1st Dept 2017]).

## DISCUSSION

A defendant physician moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice, and by establishing that the plaintiff was not injured by such treatment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept 2009]; *McGuigan v Centereach*

805103/2019 WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No. 023

Page 4 of 10

4 of 10

*Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]; *Joyner-Pack v Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]).

In support of their motion, Defendants submit the expert affirmation of Edgar Mandeville, MD ("Dr. Mandeville"), a board-certified OB/GYN, who opines to a reasonable degree of medical certainty, that the care and treatment provided by Dr. Kim and Bethpage Medical were at all times within good and accepted standards of medical and OB/GYN practice.

He opines that the hysteroscopy and D&C were medically necessary and utilized appropriate judgment to rule out cancer, given the Plaintiff's family history, together with history of irregular menses, post-menopausal bleeding, and imaging that revealed a thickened endometrium and a myometrial mass. Dr. Mandeville further contends that the use of a single tooth tenaculum was a standard surgical practice in 2018 and remains so today, refuting Plaintiff's claim that the instrument was outmoded or dangerous.

Regarding the alleged deviations, the expert found no merit in the claim that Dr. Kim was negligent for proceeding without Cytotec. While Cytotec is helpful for cervical dilation, it is not mandatory, and the expert argues that the risk of delaying a potential cancer diagnosis far outweighed the benefits that could be gained from taking Cytotec. Additionally, Dr. Mandeville maintains that Dr. Kim's surgical technique was proper and opines that the resulting cervical laceration is described as a known and accepted complication of the procedure that can occur in the absence of negligence. Dr. Mandeville also emphasizes that Dr. Kim timely identified the

**805103/2019 WAHEED, SEHRA vs. KIM, MD, SONIA ET AL**          Page 5 of 10
Motion No. 023

5 of 10

laceration, achieved hemostasis in the operating room, and provided appropriate post-operative care and instructions.

On the issue of causation, Dr. Mandeville concludes to a reasonable degree of medical certainty that none of the alleged acts or omissions by Dr. Kim were the proximate cause of the plaintiff's injuries, and points to Plaintiff's extensive medical history dating back two years prior to Dr. Kim's treatment showing that Plaintiff already suffered from premature ovarian failure, elevated FSH levels, and severely diminished ovarian reserve. Dr. Kim opines that these pre-existing conditions are in no way causally related to the cervical laceration Plaintiff sustained during the D&C procedure. Regarding Plaintiff's allegations that her claimed infertility resulted in "surgically induced premature menopause," Dr. Mandeville opines that the 2-to-3cm laceration was repaired within 24 hours of the injury, and was fully healed and normal-appearing within two months. In this regard, Dr. Mandeville further opined that Plaintiff's pre-existing cervical stenosis contributed to Plaintiff's infertility which further shows that Plaintiff's infertility is due to the natural progression of her pre-existing condition, and not due to Defendants' negligence.

Dr. Mandeville also addressed Plaintiff's claims that she developed chronic adhesions and/or Asherman's Syndrome as a result of the alleged cervical laceration. He cites Dr. Brar's September 18th operative report that shows she easily removed filmy adhesions existing from the bowel to Plaintiff's right pelvic sidewall, together with the July 5, 2022 notes of Plaintiff's treating physician that indicate the claimed adhesions around the cervix and ovaries had been removed and that Asherman's Syndrome was ruled out. According to Dr. Mandeville, Asherman's Syndrome is scarring of the lining of the uterus and cannot be attributed to trauma to the cervix because the cervix is external to the lining of the uterus. As a result, he opines that contrary to Plaintiff's claims there is no showing that Plaintiff sustained the claimed chronic adhesions and/or

805103/2019 WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No. 023

Page 6 of 10

6 of 10

[* 6]

Asherman's Syndrome, or surgical menopause as a result of the care and treatment provided by the Defendants.

Based on Dr. Mandeville's expert affirmation, the Court finds that the moving Defendants have established prima facie entitlement to summary judgment as a matter of law as to Plaintiff's claim of medical malpractice.

Once the proponent of a summary judgment motion makes a showing of entitlement to dismissal by tendering evidence sufficient to demonstrate the absence of material issues of fact, the burden shifts to the non-moving party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*see Alvarez*, 508 NYS2d at 925; *see also Menzel v Plotnick*, 202 AD2d 558 [2d Dept 1994]; *Salamone v Rehman*, 178 AD2d 638 [2d Dept 1991]).

Plaintiff, in opposition, submits an affirmation of Dr. Frederick A. Gonzalez who opines to a reasonable degree of medical certainty. His medical training includes a residency in Obstetrics/Gynecology and a fellowship in maternal and fetal medicine. Dr. Gonzalez opines that Dr. Kim departed from good and accepted medical care, by "failing to inform the patient of less invasive methods of evaluating abnormal uterine bleeding," "proceeding with the hysteroscopy despite knowing that the patient did not take the Cytotec", as well as "continuing the procedure despite the failure to take the Cytotec." According to Dr. Gonzalez, Dr. Kim failed to properly identify the location and severity of the laceration, failed to transfer Plaintiff to a hospital for proper surgical repair, and utilized unsterilized instruments. Dr. Gonzalez opines that Dr. Kim negligently caused a 2-3 cm cervical laceration,

While Defendants' expert addresses the allegations set forth in Plaintiff's complaint, Dr. Gonzalez's affirmation is silent as to specific deviations attributable to each defendant, nor does he explain how such deviations proximately caused the Plaintiff's alleged injuries (*see Sukhraj v*

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No.  023

Page 7 of 10

7 of 10

[* 7]

*New York City Health and Hospitals Corp.*, 106 AD3d 809 [2d Dept 2013] [holding that summary judgment is warranted where plaintiffs' expert failed to address important elements set forth by the defendant's expert regarding causation]; *Barrett v Hudson Valley Cardiovascular Associates*, 91 A.D.3d 691 [2d Dept 2012] [ruling that an affirmation that fails to address contentions raised by defense experts and fail to refer to any specific facts or other evidence is not sufficient to raise issue of fact]; *Swanson v Raju*, 95 AD3d 1105 [2d Dept 2012] [holding that the plaintiff's expert failed to raise a triable issue of fact because the expert failed to address important elements of the defense expert's affirmation]). Significantly, Dr. Gonzalez fails to define the applicable standard of care required of Dr. Kim during the period of Plaintiff's treatment.

In the absence of a clear nexus between a defined standard of care, a specific departure therefrom, and the resulting injury, the Court finds that Plaintiff's expert affirmation is simply conclusory in nature and fails to raise a triable issue of fact sufficient to defeat Defendants entitlement to summary judgment (*see Holbrook v United Hosp. Medical Ctr.*, 248 AD2d 358 [2d Dept 1998]; *see e.g., Prete v Rafla-Demetrious*, 224 AD2d 674 [2d Dept 1996]; *Canter v Mulnick*, 60 NY2d 689 [1983]; *see also Fridovich v David*, 188 AD2d 984 [3d Dept 1992]; *Ferrara v. South Shore Orthopedic Associates*, 178 AD 2d 364 [1st Dept 1991]). Accordingly, Defendants' cross-motion for summary judgment as to Plaintiff's medical malpractice cause of action is granted.

As to the branch of Defendants' cross-motion for lack of informed consent, it is well-settled that a defendant moving for summary judgment on a lack of informed consent claim must demonstrate that a plaintiff was informed of any foreseeable risks, benefits, or alternatives of the treatment rendered (*see Henry v Bezalel Rehabilitation & Nursing Center,* 2020 NY Slip Op 30369(U) [Sup Ct, NY County 2020]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]).

Dr. Mandeville's opinion, Defendant properly obtained Plaintiff's informed consent prior to the July 26, 2018 hysteroscopy and D&C procedure at issue. The form further indicates, inter

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL                      **Page 8 of 10**
Motion No.  023

8 of 10

alia, that Dr. Kim "fully explained the risks, and drawbacks involved as well as the possibility of complications from the procedure, and the benefits of the procedure . . . and also discussed alternatives including no treatment to the procedure along with those risks and benefits" (see *Johnson v Staten Is. Med. Group*, 82 AD3d 708, 709 [2d Dept 2011] [holding that where the plaintiff signed an informed consent form, the form itself was sufficient to carry the defendants' prima facie burden on summary judgment]).

Further, Dr. Kim's deposition indicated that before attempting the D&C, she discussed with Plaintiff the risks of the procedure, which included bleeding and cervical laceration. Notably, the record establishes that Plaintiff testified at her deposition that she was familiar with a D&C procedure, as she had undergone such a procedure twice before in 2004 and 2013, and "knew what the procedure is about." Evidence of an "informed consent" discussion in the form of deposition testimony or medical records strengthens the defendants' showing in this regard (*Orphan v Pilnik*, 66 AD3d 543 [1st Dept 2009], *affd* 15 NY3d 907 [2010]).

The record also demonstrates that Plaintiff was also aware of her pre-existing cervical stenosis, as the endometrial biopsy on July 16, 2018 could not be completed due to cervical stenosis, thereby prompting the July 26, 2018 D&C procedure at issue as an alternative. Dr. Mandeville opined that, even though Plaintiff had advised Dr. Kim that she had not taken the Cytotec as instructed, following a detailed discussion with Dr. Kim. Dr. Mandeville opines that Dr. Kim's clinical suspicion of malignancy was appropriate and that, following a full disclosure of the risks, Plaintiff agreed to proceed with the procedure.

The Court finds that Defendants have satisfied their burden of proof on the lack of informed consent claims and, Plaintiff, in opposition, has failed to raise a triable issue of fact, therefore, dismissal is warranted.

Accordingly, it is hereby

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No. 023

Page 9 of 10

9 of 10

[* 9]

**ORDERED** that the Defendants' cross motion for summary judgment is granted; and it is further

**ORDERED** that the Plaintiff's Complaint is dismissed with prejudice as against Defendants SONIA KIM, M.D. and BETHPAGE MEDICAL PLLC d/b/a GARDEN OB/GYN s/h/a GARDEN OB/GYN OF EAST 67TH d/b/a GARDEN OB-GYN; and it is further

**ORDERED** that the Defendants are to serve a copy of this order upon the Plaintiff with notice of entry within twenty (20) days of entry of this; and it is further

**ORDERED** that, within twenty (20) days of the date of this Order, the moving Defendants shall serve a copy of this Order upon the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on this court's website; and it is further

**ORDERED** that the Clerk is directed to enter judgment in accordance with this Order.

This constitutes the Decision and Order of the Court.

| 3/4/2026 | | | |
|---|---|---|---|
| **DATE** | | KATHY L. KING, J.S.C | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

805103/2019  WAHEED, SEHRA vs. KIM, MD, SONIA ET AL
Motion No.  023

Page 10 of 10

[* 10]